In the Matter of CLARENCE C. STOUGHTON, Appellant, against S. HOWARD COHEN et al., as the Board of Elections of the City of New York, Respondents.

Argued October 30, 1939; decided October 30, 1939.

*Edward H. Wilson* for appellant.

*John J. Bennett, Jr., Attorney-General (Henry Epstein, John C. Crary, Jr.,* and *John F. X. McGohey* of counsel), for respondents.

CRANE, Ch. J. Reference to the revised record of the Constitutional Convention of 1938 shows an intention to amend the then existing Constitution by adding thereto new articles and modifying certain portions.

Turning to the proceedings of Friday, August 26 (p. 3472), and reading through to the end, we find that a resolution was offered in the following words: " Resolved, That the President be and he hereby is authorized to cause to be prepared, published and made available to the public a copy of the Constitution as revised by the amendments adopted by this Convention, showing all the changes effected by such revision by enclosing in bold-face brackets all matter deleted and italicizing all new matter, with marginal notes as to the source or distribution, if any, of all such new matter and deletions, and so arranged as to set forth the text and changes to be included in each amendment submitted to be voted upon separately " (p. 3517). Further, the changes which were made in the existing Constitution were to be submitted to the People for adoption on election day. How was this to be done? The report of the committee, of which the President was chairman, was adopted. Nine questions were submitted, all referring to amendments. The resolution begins with these words: " That the proposed amendments to the Constitution, as contained in the engrossed copy of the Constitution as submitted to and approved by this Convention, be submitted to a vote of the electors of the State for their approval or rejection * * * " (p. 3534).

The first question submitted included all the proposed amendments with the exception of those contained in the following eight other questions submitted, and all of these questions were submitted as *proposed amendments*.

A reference to Document No. 16, which was prepared under the direction of the President pursuant to the above resolution, shows that article I, section 9, contained no changes, that it is today the same as it was before the adoption of the Constitution in its present form.

On election day (November 8, 1938) the people voted on the proposed amendments and changes. Upon rejection

of any of the proposed amendments, the Constitution remained as it had been in such particular. Furthermore, it was never the intention of the framers of the Constitution that article XIX, section 1, should supersede or wipe out all previous acts performed under the old Constitution relating to amendments.

The resolution of the Legislature proposing an amendment to article I, section 9, having been adopted in 1938, prior to the Constitutional Convention, did not fail of purpose or vigor upon the adoption of the work of that Convention. The Legislature in 1939 readopted the resolution and pursuant to the provisions of the prior and present Constitution the proposition goes upon the ballots for the consideration of the electorate this fall.

Section 1 of article XIX of the present Constitution is not inconsistent with the same provisions of section 1 of article XIV of the Constitution before amendment, but is a continuation of the same purpose and method in adopting constitutional amendments through resolutions by the Legislature. That the opinion of the Attorney-General is to be sought under the present provision does not affect the validity of the previous resolution. In 1939 the Legislature complied in this respect with the modification of section 1 of article XIV as set forth in section 1 of article XIX, by seeking his advice which he gave. Neither does section 3 of article XIX nullify the previous resolution. That provision reads: " Any amendment proposed by a constitutional convention relating to the same subject as an amendment proposed by the legislature, coincidently submitted to the people for approval shall, if approved, be deemed to supersede the amendment so proposed by the legislature."

There was no proposed amendment to section 9 of article I regarding pari-mutuel betting submitted by the Convention.

The order should be affirmed, without costs, and the question on these resolutions of the Legislature submitted to the voters at the coming election.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.